## SHETTERLY ET AL. v. AXT ET AL.

[No. 5,910. Filed February 16, 1906. Rehearing denied May 9, 1906.]

1. PLEADING. — Complaint. — Exhibits. — Wills. — Partition. — Quieting Title.—In a cross-complaint for partition, the will, under which all parties claim title, is not the foundation of the action and therefore is not a proper exhibit, and can not be considered. p. 688.

2. SAME.—Answer.—Sustaining Demurrer to Paragraph Whose Facts Are Provable under Another.—Sustaining a demurrer to a paragraph of answer whose facts are provable under another paragraph is harmless error. p. 688.

3. SAME.—Complaint.—Partition.—Possession.—A cross-complaint showing that the cross-complainant and defendants are the owners as tenants in common of certain lands and praying partition thereof is sufficient without any direct allegation of possession of such real estate by cross-complainant, the allegation of ownership being in effect an allegation of possession or right thereto. p. 689.

From Johnson Circuit Court; William J. Buckingham, Judge.

Suit by Henry C. Axt and others against George G. Shetterly and others. From a decree for plaintiffs, defendants appeal. Reversed.

William Featherngill, for appellants.

Miller & Barnett and White & Owens, for appellees.

ROBY, C. J.—Suit by appellees for a partition of certain described real estate, and to quiet their titles. Appellant

Shetterly was made a defendant, and answered in two paragraphs: (1) General denial; (2) setting up facts, the detail of which is not at present material. He also filed a cross-complaint, making the plaintiffs and his codefendant, guardian of Clara Shetterly, defendants. Said guardian demurred to said cross-complaint for the reason that the same did not state sufficient facts to constitute a cause of action. The plaintiffs likewise demurred for the same reason. The record shows plaintiffs' demurrer to have been sustained to the second paragraph of said appellant's answer. Demurrers to the cross-complaint were sustained. Trial had, general finding for appellees, and judgment accordingly.

The controversy grows out of a difference of opinion as to the meaning and construction of the last will of Christian Axt, deceased, under whom all parties claim. All questions argued by said appellant relate to the construction of said instrument, a copy of which is filed with the second paragraph of answer and cross-complaint and attempted to be made a part thereof by reference. Appellees make the point in their brief, to which said appellant has not replied, that such instrument is not the foundation of the action, and therefore can not be made part of the pleading by exhibit and reference. The proposition is supported by many decisions. *Eddy* v. *Cross* (1901), 26 Ind. App. 643; *Jewett* v. *Perrette* (1891), 127 Ind. 97. It follows that no question relative to the construction of said will can be considered, and that the sufficiency of the pleadings must be determined without reference to the exhibit.

The facts set up in the second paragraph of answer are provable under the general denial. §§1067, 1083 Burns 1901, §§1055, 1071 R. S. 1881. The judgment can not, therefore, be reversed on account of the sustaining of such demurrer. *Wickwire* v. *Town of Angola* (1892), 4 Ind. App. 253.

It is averred in the cross-complaint that the cross-complainant and the defendants thereto are the owners as tenants in 'common of certain real estate therein described. It is further stated that George Shetterly is the owner of an undivided one-eighteenth, and the plaintiffs each one-sixth part thereof, and that defendant Clara Shetterly owns an undivided two-eighteenths part thereof; that defendants Hammond and Ditmars are made defendants to answer to their interests, if any. The prayer is for partition and that the parties named "be declared the owners of said real estate in the shares above set out and for all other proper relief." The pleading states that the cross-complainant and the defendants are the owners as tenants in common of the land. It shows the interests of the several parties with exactness. It is not necessary to partition of real estate that the party seeking such relief be in possession of the lands. *Godfrey* v. *Godfrey* (1861), 17 Ind. 6, 79 Am. Dec. 448.

Other objections to the complaint made are based upon the provisions of the will, and for the reasons above stated are not available. The cross-complaint was sufficient as an application for partition. §1201 Burns 1901, §1187 R. S. 1881.

For error in sustaining the demurrer to the cross-complaint, the judgment is reversed, and the cause remanded, with instructions to overrule such demurrer, and for further consistent proceedings.

## ON PETITION FOR REHEARING.

COMSTOCK, J.—Counsel for appellee earnestly ask for a rehearing in this cause upon the ground that the cross-complaint does not show title, nor either possession of or the right to possession in the cross-complainant at the time of the commencement of the suit. This is requisite in an orginal complaint for partition. *Wintermute* v. *Reese* (1882), 84 Ind. 308; *Brown* v. *Brown*

(1893), 133 Ind. 476; *Eve* v. *Louis* (1883), 91 Ind. 457. But a cross-complaint states a separate and independent cause of action, and if it appears from its averment that the right exists at the time of the filing it is sufficient. A right must appear at the time the party seeks to enforce it. *Anderson* v. *Wilson* (1885), 100 Ind. 402; *Meridith* v. *Lackey* (1860), 16 Ind. 1; *Fletcher* v. *Holmes* (1865), 25 Ind. 458. The proposition for which appellee contends, that a complaint for partition must disclose the right or title of the parties interested in quality and quantity, is sound, but the pleading before us substantially meets these requirements. It alleges that the plaintiffs and the defendants are the owners as tenants in common of the real estate, particularly described; that George Shetterly is the owner of an undivided one-eighteenth part of the lands described, as the surviving husband of Clara Axt Shetterly, deceased, named in the will of Clara Axt, deceased; that Clara Shetterly is the owner of an undivided two-eighteenths part of said real estate; that each of the plaintiffs named in said complaint herein filed, to wit, Henry C. Axt, Lucy Mansfield, Henrietta Wood, Catharine Davis and Earl Vandevere, is the owner of an undivided one-sixth part of said real estate. Under an averment of ownership proof may be made of either legal or equitable title; for it is the right that is put in issue, not the evidence of the right. The averment implies the right of possession; that the parties named are the owners as tenants in common; and in effect alleges that they are the owners and in possession. Tenants in common hold by unity of possession. The rule which counsel for appellee invokes, that specific averments will control general averments in a pleading, will not be questioned. The general averment in the cross-complaint is ownership as tenants in common. The specific averments relate to the will of Christian Axt, deceased, which is made a part of the cross-complaint as an exhibit. As stated in the original opinion, it is not the foundation of the cross-

complaint, and can not be looked to to determine the sufficiency of the pleading. The general averment therefore controls. The cross-complaint avers facts upon which evidence is admissible to determine the interests of the parties and upon which the cross-complainants are entitled to a hearing.

Petition for rehearing overruled.