## SMITH *v.* ANDREW ET AL.

[No. 7,917. Filed June 5, 1912.]

1. STATUTES.—*Construction.*—*Legislative Intent.*—While statutes in derogation of the common law are to be strictly construed, the primary rule of construction is to ascertain and give effect to the intent of the statute. p. 605.

2. STATUTES.—*Construction.*—*Legislative Intent.*—In the construction of a statute, the intent, as gathered from an examination of the whole and all its parts, prevails over the literal import of particular terms when the strict letter of such terms would lead to injustice and contradiction. p. 605.

3. PARTITION.—*Rights of Remaindermen.*—*Statute.*—*Construction.* —The act of 1909 (Acts 1909 p. 339) providing that any person owning an undivided interest in fee simple in any lands and at the same time owning a life estate in the remaining portion of such lands or any part thereof, or the person owning the fee in such lands subject to such undivided interest in fee and such life estate in any such lands, may compel partition thereof, expressly abrogates the common law rule which required that the person seeking partition must be entitled to possession in addition to owning an interest in the land and thereby prevented the remainderman from obtaining partition as against the life tenant in possession, so that under said act an owner in fee of an undivided interest in land may have partition thereof although another not in possession holds an undivided interest in the life estate not coupled with an interest in the remainder. p. 606.

From Huntington Circuit Court; *Samuel E. Cook*, Judge.

Action by Thomas G. Smith against Riley Andrew and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Watkins & Butler*, for appellant.

*Fred H. Bowers* and *Milo Feightner*, for appellees.

HOTTEL, C. J.—Appellant brought this action for partition of certain real estate in Huntington county, Indiana. Appellees filed a special answer to the complaint, and appellant's demurrer thereto was overruled. A demurrer was sustained to appellant's reply, and, on his refusal to plead further, judgment was rendered in favor of appellees and partition denied.

The errors assigned and relied on are as follows: (1) The court erred in overruling appellant's demurrer to appellees' answer; (2) the court erred in sustaining the demurrer to appellant's reply.

To a complaint for partition, the sufficiency of which is not questioned, appellees addressed a special answer, which, in substance, shows appellant and appellees, except Elizabeth Andrew, to be owners as tenants in common of the remainder in the real estate here involved; that Amy Andrew, former owner of a life estate in said property, has sold

one-eighth of the same to appellee Elizabeth Andrew and the balance to certain others of appellees. In reply to this answer, appellant averred that Elizabeth Andrew, the owner of the undivided one-eighth interest in the life estate of Amy Andrew, is the only person who owns any part of said life estate, and does not also own a part of the undivided remainder; that Elizabeth Andrew does not own any part of the undivided remainder and is not in actual possession of said real estate; that said Amy Andrew has long since sold all her interest in said real estate, and is not in possession thereof.

Appellant admits that prior to March 6, 1909, the law of Indiana did not permit partition by remaindermen while a life estate in the property was outstanding, but insists that the legislature on that date provided for partition of lands under such circumstances. The act of 1909 (Acts 1909 p. 339) is as follows: ''When any person shall own an undivided interest in fee-simple in any lands, and at the same time shall own a life estate in the remaining portion of any such lands, or any part thereof, then in any such case, such person so owning such fee and life estate, or the person or persons owning the fee in such lands subject to such undivided interest in fee and such life estate in any such lands, may compel partition thereof and have such fee-simple interest in any such lands so held, set off and determined in the same manner as lands are now partitioned by law.''

Prior to the above act the common-law rule prevailed in this State, viz., that ''only one having both title and possession or the right of possession vested in him could maintain an action for the partition of real estate; that a remainderman could not maintain such action because he had title but not possession or the right of possession.'' *Tower* v. *Tower* (1895), 141 Ind. 223, 224, 40 N. E. 747. See, also, *Stout* v. *Dunning* (1880), 72 Ind. 343; *Coon* v. *Bean* (1880), 69 Ind. 474; *Schori* v. *Stephens* (1878), 62 Ind. 441, 448. In

some jurisdictions, however, this rule has been abrogated, and under particular statutes, which do not require the plaintiff to be in possession or entitled thereto, it has been held that a reversioner or remainderman may maintain partition against the owner of the remaining undivided interest in remainder or reversion, although the whole premises are subject to a life estate. *Scoville* v. *Hilliard* (1868), 48 Ill. 453; *Cook* v. *Webb* (1872), 19 Minn. 167; *Hayes* v. *McReynolds* (1898), 144 Mo. 348, 353, 46 S. W. 161; *Smith* v. *Gaines* (1884), 38 N. J. Eq. 65; *Drake* v. *Merkle* (1894), 153 Ill. 318, 38 N. E. 654.

While it is true that statutes in derogation of common law are to be strictly construed, it is equally clear that "the intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent." 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §363. See, also, *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544, 545, 35 N. E. 829; *Board, etc.,* v. *Board, etc.* (1891), 128 Ind. 295, 27 N. E. 133.

As was said in *Lime City Bldg., etc., Assn.* v. *Black, supra,* at page 555: "The intent of a statute, as collected from an examination of the whole and all its parts, will prevail over the literal import of particular terms, and control the strict letter of such terms when the letter would lead to injustice and contradictions."

It has also been said that "the mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. 'While the intention of the legislature must be ascertained from the words used to express it, the manifest

reason and obvious purpose of the law should not be sacrificed to a literal interpretation of such words.' '' 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §376, and cases cited.

Previous to the passage of the act of 1909, the right of the owner of a life interest in an undivided part of real estate to have partition had been recognized. *Shaw* v. *Beers* (1882), 84 Ind. 528, 529. And it had also been held that tenants in common of a life estate might compel partition. *Hawkins* v. *McDougal* (1890), 125 Ind. 597, 25 N. E. 807. The position of the remainderman was, however, not so favorably defined, for it was the rule that although owners of the remainder interest in real estate could not, as plaintiffs, compel partition, they might be made defendants, and be bound by the decree in partition proceedings. *Swain* v. *Hardin* (1878), 64 Ind. 85; *Lynch* v. *Leurs* (1868), 30 Ind. 411.

The evident purpose of the legislature in passing the act of 1909 was to make it possible for remaindermen, under certain conditions, to have partition of the property 3. in which they owned an interest, and to have such interest set off to them in severalty. While the language used in this act is susceptible of the construction contended for by counsel for appellees, viz., that the act was special in character and passed to meet the needs of some particular case, such a construction would put a limitation on the legislative intent which is not clearly apparent from the wording of the act, and would be out of harmony with a more liberal trend found in the statutes of other states. On the other hand, we need not and do not decide that the intent of the legislature was to give the remainderman the right of partition as against the life tenant owning the entire life estate.

The act of 1909 was intended to apply to all cases where the life estate has itself, by conveyance or otherwise, been partitioned, and where one or all of several remaindermen had become possessed of a part or all of a life interest in

lands in which he also held an undivided interest in fee. The purpose of the legislature was to permit such owners in common of the fee to have partition of the real estate, and this we hold to be the effect of the act. The essential and controlling feature of the common law was that which required the person seeking partition to be entitled to possession in addition to owning an interest in the land, thereby preventing the remainderman from obtaining partition as against the life tenant in possession. The act here involved expressly abrogates this rule, and extends the right to partition from the person entitled to possession to those standing on an equal footing with him, save for his possessory rights.

Counsel for appellees, however, insist that, in this case at least, appellant is not entitled to partition, for the reason that one of the owners of the life estate has no interest in the fee, and that partition might work a hardship on her.

The right to partition being clearly and expressly given to the remainderman by the act of 1909, we think it would be in violation of both the intent and spirit of the act to permit the right so given to be defeated, because one not in possession happens to hold an undivided interest in the life estate not coupled with an interest in the remainder. If, as in this case, partition may be defeated because an undivided one-eighth interest in the life estate is held by one who happens to own no part of the remainder, then such an independent interest in the life estate, however small, may have the same effect, and in this way the purpose of the statute be entirely defeated. Furthermore, the value of a life interest in lands may ordinarily be readily computed, and we see no reason why injustice need result in a situation such as the one before us, especially since it appears that the owner of the one-eighth interest in the life estate is not in possession of the lands here involved or any part thereof.

Appellant is clearly within the intent of the act of 1909,

and therefore entitled to partition on the facts presented by the pleadings. For error in overruling appellant's demurrer to appellees' answer, the judgment is reversed, with instructions to the lower court to sustain the demurrer to appellees' answer, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 734. See, also, under (1) 36 Cyc. 1106, 1178; (2) 36 Cyc. 1108, 1128; (3) 30 Cyc. 182. As to the rule for construing laws so as to follow the intent of their makers, see 12 Am. St. 827. As to the seeking partition by a fee simple holder, see 113 Am. St. 57. As to the right of a remainderman or reversioner to the partition of property, see 21 Ann. Cas. 264.