MYERS ET AL. *v*. BRANE

[No. 17,263.   Filed November 10, 1944.]

146

*Francis A. Shaw,* of Muncie, *Bowen, Mendenhall & Hunter,* of Winchester, and *Roscoe D. Wheat,* of Portland, for appellants.

*William A. Gutheil,* of Winchester, and *James J. Moran,* of Portland, for appellee.

CRUMPACKER, J.—This is an action to partition certain farm lands in Randolph County by the sale thereof and a division of the net proceeds according to the interests of the various owners. On change of venue the cause was tried to the Jay Circuit Court without the intervention of a jury. The facts were found specially and conclusions of law favorable to the appellee were stated thereon, appropriate judgment was entered and, over the appellants' motion for a new trial, this appeal was perfected. The appellants complain that the court erred in each of its conclusions of law and in overruling their joint and several motion for a new trial which charges that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The undisputed facts indicate that on October 29, 1940, and for some years prior thereto, the appellee Edna F. Brane and one Fannie O. Hollowell were the owners in fee simple, as tenants in common, of 72½ acres of farm lands in Randolph County. The buildings and their out lots are located on the east side of said tract and consist of an eight room house, two barns, a

corn crib, chicken house and granary. Fannie O. Hollowell died on October 20, 1941, leaving a last will and testament by the terms of which she devised her undivided one-half interest in the real estate above described to the appellants Quimba O. Hollowell and Conchita L. Myers, subject however to a life estate in her husband, the appellant Abner Leroy Hollowell, and subject also to the expenses incident to the last sickness and burial of the said life tenant. For some time prior to the commencement of this suit the farm buildings had been occupied by one Cora Reynard who paid cash rent therefor, and the fields had been cultivated by one Woody Gause upon a crop sharing basis. The net proceeds of the farm were divided equally between the appellee as the owner in fee simple of the undivided one-half of the real estate and the appellant Abner Leroy Hollowell as the owner of life estate in the other half.

On such a state of facts the appellants assert that if a partition in kind could not be had, as the court found, then partition by sale could not be decreed because such procedure would result in the nullification of the terms of Fannie O. Hollowell's will and set to naught her intended disposition of the real estate in question. We think this position would be well taken if the appellee had acquired her title and interest in said real estate under the provisions of Fannie O. Hollowell's will. The courts of all jurisdictions have uniformly held that partition will not be awarded in violation of a condition or a restriction imposed upon an estate in real estate by a person through whom the one asking partition claims. *Kepley* v. *Overton* (1881), 74 Ind. 448; *Jones* v. *Jones* (1926), 84 Ind. App. 176, 149 N. E. 108, 150 N. E. 65. See also 47 C. J. Partition, § 119, and cases cited. In our own State we have statutory affirmation of this rule in the following lan-

guage: "Such court shall not order or affirm partition of any real estate contrary to the intention of a testator, expressed in his will." § 3-2406, Burns' 1933, § 1111, Baldwin's 1934. It is clear, however, that this statute can have no application to the rights of persons not affected by the will and this court so held in the case of *Tom* v. *Tom* (1940), 107 Ind. App. 599, 601, 26 N. E. (2d) 410, wherein it said: "This statute is applicable only where the rights of all parties are fixed by the provisions of the will under which they claim title." In the present case the appellee acquired fee-simple title to an undivided one-half of the real estate in suit by purchase wholly independent of the will of Fannie O. Hollowell. She acquired such interest while said testatrix was still alive and, as far as the evidence discloses, neither the immediate conveyance to her, nor any remote devise or grant from which her title stems, contains any condition or restriction on her right to partition or any other method of alienation. She comes squarely within the provisions of § 3-2401, Burns' 1933, § 1106, Baldwin's 1934, which reads as follows: "Any person holding lands as joint tenant or tenant-in-common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act." This is an absolute right and is not curtailed in any degree by the fact that the part of the land sought to be partitioned is subject to a life estate. § 3-2402, Burns' 1933, § 1107, Baldwin's 1934. *Tower* v. *Tower* (1894), 141 Ind. 223, 40 N. E. 747; *Smith* v. *Andrew* (1912), 50 Ind. App. 602, 98 N. E. 734; *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 426, 113 N. E. 474. Had the appellee instituted this suit during the lifetime of Fannie O. Hollowell there could be no question of her right to maintain it and that right could not have been abridged or curtailed by any act of her

co-tenant during life, and it certainly follows that such co-tenant could do no more through testamentary disposition than she could have done while alive.

The appellants next contend that the evidence discloses an implied agreement between the appellee and the life tenant that the land should be held in common during the latter's life and the present partition would be grossly inequitable and result in great damage to the interests of such life tenant and therefore the relief appellee now seeks is barred by estoppel. This is an affirmative defense and the burden was on the appellants to establish it. The court's findings are silent as to any such agreement and such silence must be treated as a finding against the appellant's on that issue. *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. (2d) 968; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. (2d) 912; *Home Equipment Co., Inc.* v. *Gorham* (1941), 218 Ind. 454, 33 N. E. (2d) 99. Complaint that a negative finding on the issue is not supported by the evidence presents no question for our consideration. *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. (2d) 728; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905.

The appellants question the power of the court to charge the remaindermen's share of the proceeds of the sale with a trust for the payment of the expenses of the life tenant's last sickness and burial because such charges are indefinite, incapable of present determination, and the beneficiary thereof unknown. This contention loses all merit in light of the fact that the testatrix, through whom the appellants derive their title, had already charged the

remaindermen's interest in the lands involved with such expense. Item 2 of the last will of Fannie O. Hollowell reads as follows: "It is my will, and I hereby direct that the expenses of last sickness and funeral expenses of my husband, Abner Leroy Hollowell, be made a charge upon any real estate of which I may die the owner, in the event my said husband shall survive me." Partition being compulsory and the court having found that a sale of the land was necessary to effect the same, it was justified in transferring the lien on the land, created by the testatrix' will, to the fund derived from the sale of such lands. We think it was the clear-cut duty of the court in making partition by sale to carry out the intention of the testatrix by the adoption of such precautionary measure as would most likely prevent prejudice to the rights of those individuals who would inevitably be called upon to furnish services in connection with the last sickness and burial of the life tenant. This the court sought to accomplish by control of part of the proceeds of the sale until such time as it can be determined definitely the extent of such indebtedness and to whom it will be payable. See 40 Am. Jur. Partition, § 29. The remaindermen, as owners of the fee, have no right of immediate possession or of income and their interest in the real estate is charged with the expenses of the last sickness and burial of the life tenant by the testatrix' will so it is apparent that they in no way have been harmed by the court's decree.

In its findings numbers 6 and 8 the trial court determined the fair market value of the entire property involved in this litigation to be $4,700, and the present value of the life estate in an undivided one-half thereof to be $704.86. The court thereupon concluded, as a matter of law, that the life tenant,

Abner Leroy Hollowell, is entitled to receive $704.86 in cash out of one-half the proceeds of the sale and that the balance of such half should be held in trust for the benefit of the remaindermen, Quimba O. Hollowell and Conchita L. Myers, subject however to the payment of the expenses incident to the last sickness and burial of the life tenant when such expenses should become fixed and due. As a general rule it may be said that, in the absence of a statute otherwise providing, a life tenant in common is not entitled to have the present value of his life estate paid to him upon partition by sale, but only the income from the funds derived from the sale of that portion of the real estate in which he has a life estate. 47 C. J. Partition, § 851. We have no statute providing the method of settlement with a life tenant in common on the partition by sale of his life estate, and Indiana seems to be in line with the general rule above stated. *Coquillard* v. *Coquillard, supra,* was an action for partition where the evidence disclosed that a testator had devised a life estate in an undivided one-half of certain lands to each of his two sons as tenants in common, with the remainder in fee to the children, if any be born, of such sons. This court held that upon partition of such lands the funds derived from the sale thereof should be distributed as follows: (1) to the payment of the costs and expenses of the action, since such costs and expenses were incurred for the benefit of all persons interested; (2) the balance to a trustee who was to invest the fund and pay the net income to the life tenants; and (3) at the death of the life tenants the then remaining balance should go to the remaindermen or their heirs, if any, or if no heirs then, by reason of the particular provisions of the will involved, to the heirs of the life tenants. We believe the facts in the present case require the appli-

cation of the above rule of distribution. It was not the testator's intention that Abner Leroy Hollowell should ever have a present, unrestricted estate in the lands involved which he could sell and dissipate, nor should the remaindermen be compelled, against their wishes, to take the present value of their share of the fee depreciated by the deduction therefrom of the value of the life estate. The appellee is entitled to partition as an absolute right. The court has found that partition in kind cannot be had without damage to the parties and has ordered partition by sale. This will necessarily abrogate the full force and effect of Item 3 of the will of Fannie O. Hollowell which gives to her husband, Abner, a life estate in her real estate and, under such circumstances, we believe it to be the court's duty to make such disposition of the proceeds of the sale as will most nearly effectuate her intentions in reference to him. This can best be done by the modification of the court's decree in such manner as to provide a trustee to whom shall be paid one-half of the net proceeds of the sale which shall be invested by him as provided by law and the income therefrom paid to Abner Leroy Hollowell during his lifetime and at his death the corpus of such estate distributed equally to the remaindermen, or, if either be dead then to her heirs *per stirpes,* after the payment of expenses incident to the last sickness and burial of said life tenant.

The court's 6th conclusion of law is as follows: "That the real estate is not susceptible of division among the tenants-in-common without damage thereto." This is purely a finding of fact and not a conclusion of law and therefore must be disregarded as such. The same fact, however, is found by the court in finding number 5 and its repetition as a conclusion of law is wholly immaterial and harmless.

We find ample evidence in the record to support it as an ultimate fact and that, of course, puts it beyond our reach to disturb.

In the appellants' brief under the heading "Nature of the Action" we find a statement to the effect that the real estate sought to be partitioned is partnership property and for 14 years prior to the institution of these proceedings had been held and operated as such by the owner. Assuming without deciding that real estate owned by two or more persons as partners in a certain business is not subject to partition, we pass the question with the observation that the appellants have not asserted it in that portion of their brief devoted to the statement of "Propositions, Points and Authorities," and it is therefore not before us. Furthermore the special finding of facts by the court is silent on the question and we find no evidence in the record to support it.

That portion of the decree pertaining to the distribution of the proceeds of the sale of the undivided one-half of the real estate belonging to the appellants is reversed with instructions to the trial court to restate its 4th, 5th and 7th conclusions of law in harmony with this opinion and to decree accordingly.

In view of the fact that this appeal and the decision herein in no way affects or disturbs the rights of the appellee as decreed by the Jay Circuit Court, the costs hereby incurred are assessed against the appellants with instructions to the commissioner, appointed to make sale of the land involved, to deduct such costs from the appellants' share of the proceeds of said sale.

NOTE.—Reported in 57 N. E. (2d) 594.