JACK HURWICH *v.* BETTE ZOSS, KATHRYN E. HURWICH.

[No. 3-376A53. Filed September 2, 1976.]

*Carl Leibowitz,* of South Bend, for appellant.

*Joseph A. Roper, Chapleau, Roper, McInerny, Minczeski & Farabaugh,* of South Bend, for appellee Zoss; *Irving A. Hurwich, Harold E. Brueseke, Hurwich-Brueseke,* of South Bend, for appellee Hurwich.

HOFFMAN, J.—Appellant Jack Hurwich filed a complaint seeking equitable partition of certain real estate located in St. Joseph County, Indiana, alleging that appellant and appellee Bette Zoss own the fee simple title to the said tract of real estate as tenants in common subject to a life estate in said property in appellee Kathryn E. Hurwich. Thereafter, the trial court sustained appellees' motion to dismiss for failure to state a claim upon which relief can be granted. Appellant's motion to correct errors was denied and this appeal was perfected.

The sole issue presented by this appeal is whether possession or the right to immediate possession is required to maintain an action for partition of real estate. IC 1971, 32-4-5-1 (Burns Code Ed.), provides, in pertinent part, as follows:

"Any person holding lands as joint tenant or tenant-in-common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act [32-4-5-1—32-4-5-23]."

Appellant contends that such statute has no limitations requiring possession or the right to possession before a partition action may be maintained, but that such action may be maintained by a person holding title only. Appellant further asserts that the phrase "holding lands" has been interpreted as the equivalent of "owning or having title to lands." Appellant then contends that such statute abrogated the common-law rules requiring possession before maintaining a partition action. Finally, appellant contends that IC 1971, 32-4-6-1 (Burns Code Ed.), is inapplicable to the case at bar and does not affect appellant's rights under IC 1971, 32-4-5-1, *supra.*

The common-law rule required the plaintiff seeking partition to have both title and possession or the right to possession. In *Helvey et ux.* v. *O'Neill* (1972), 153 Ind. App. 635, at 641-42, 288 N.E.2d 553, at 557, it was stated that the statute retained the right to possession requirement of the common law. More specifically, the court stated:

"Without reference to possession, this statute [IC 1971, 32-4-5-1 (Burns Code Ed.)] specifies that *any person* who holds land as a tenant in common may seek a partition. Both the cases decided prior and subsequent to the adoption of § 3-2401 [32-4-5-1, *supra*] have generally held that in order to maintain an action for partition, *either legal or equitable title and the 'right' to possession must be in the party maintaining the action. McClure* v. *Raber* (1939), 106 Ind. App. 359, 19 N.E.2d 891; *Schori* v. *Stephens* (1878), 62 Ind. 441; *Godfrey* v. *Godfrey* (1861), 17 Ind. 6; *Weaver* v. *Gray* (1906), 37 Ind. App. 35, 76 N.E. 795; *Brunner* v. *Terman* (1971), 150 Ind. App. 139, 275 N.E.2d 553. But the person seeking partition need not be in *actual* possession of the land so long as he has title and the 'right' to possession. *Godfrey* v. *Godfrey, supra; Shetterly* v. *Axt* (1906), 37 Ind. App. 687, 76 N.E. 901; *Smith* v. *Andrew* (1912), 50 Ind. App. 602, 98 N.E. 734; *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 489, 113 N.E. 481." (Emphasis added in part.)

Consequently, the right to possession has generally been required even though the statute does not specifically refer to possession.

Appellant relies on *Myers* v. *Brane* (1944), 115 Ind. App. 144, 57 N.E.2d 594, for the proposition that the right to compel partition is an absolute right which may be asserted even though part of the land is subject to a life estate. Appellant further notes that the court did not discuss possession as a requirement. In *Myers*, Edna Brane and one Fannie Hollowell owned certain farm land as tenants in common. Hollowell died, devising her undivided one-half interest in such real estate to Quimba Hollowell and Conchita Myers, subject to a life estate in her husband Abner Hollowell. In affirming the judgment of the trial court, it was noted that Brane acquired her interest to the real estate independently of Fannie Hollo-

well's will, and while Fannie Hollowell was still alive. Thus the court concluded that Brane came within the provisions of IC 1971, 32-4-5-1, *supra,* and her right to partition was in no way curtailed by the existence of the life estate on part of the land. While at first blush this provides support for appellant's contention, a closer examination reveals that the court's statement was not intended to apply to situations such as presented in the case at bar.

In permitting the partition action, the court reasoned that since Brane could have maintained such action during Fannie Hollowell's lifetime, she could not be deprived of such right through a testamentary disposition by Fannie Hollowell. Furthermore, it must be borne in mind that Brane owned an undivided interest in fee and therefore had an immediate right to possession. Consequently it is clear that the decision did not give a remainderman the right to partition land which is subject to a life estate, but was intended to permit a fee owner of an undivided interest to partition land regardless of the other fee owner's disposition of his own interest.

Appellant also contends that the phrase "holding lands" as used in a predecessor statute was interpreted in *Godfrey* v. *Godfrey* (1861), 17 Ind. 6, to require legal title only and not possession. However, a close examination of this decision and of *Shetterly* v. *Axt* (1906), 37 Ind. App. 687, 76 N.E. 901, which appellant relies upon for the proposition that possession is not necessary in a partition action, discloses that possession was not dispensed with as a requirement.

In *Shetterly* v. *Axt, supra,* the court did state that one seeking partition need not be in possession of the lands in order to partition the real estate. However, on rehearing, the court noted that the complaint alleged title and implied the right of possession. Consequently, it is clear that the person seeking partition must have title and the right to possession, but that such person need not be in *actual possession. See, Helvey et ux.* v. *O'Neill, supra.*

*Godfrey* v. *Godfrey, supra,* likewise indicates that *actual possession* is not required. There, it was argued, petitioner, an heir to certain real estate, could not maintain an action for partition because one Miller was in possession of the whole and claiming by adverse possession. The court then made the statement, upon which appellant relies, that holding lands did not require *actual occupancy* but was equivalent to owning lands. In this context, the language thus used cannot be construed as abrogating the right to possession requirement, but must be construed as not requiring actual possession.

It should also be noted that cases decided subsequent to *Godfrey* v. *Godfrey, supra,* did not permit partition by a remainderman while the life tenant was still alive. *Stout et al.* v. *Dunning et al.* (1880), 72 Ind. 343, 345, 348-49; *Schori* v. *Stephens et al.* (1878), 62 Ind. 441.

Finally, it should be noted that IC 1971, 32-4-6-1, *supra,* provides for partition in circumstances where a remainderman also owns a portion of the life estate. Such statute provides as follows:

"When any person shall own an undivided interest in fee simple in any lands, and, at the same time, shall own a life estate in the remaining portion of any such lands, or any part thereof, then, in any such case, such person so owning such fee and life estate, or the person or persons owning the fee in such lands subject to such undivided interest in fee and such life estate in any such lands, may compel partition thereof and have such fee-simple interest in any such lands so held, set off and determined in the same manner as lands are now partitioned by law."

In order to determine the legislative intent of a statute, we may, under the rules of statutory construction, examine all legislation *in pari materia,* the legislative history, and all Acts passed either before or after the statute in question. *Smith, etc.* v. *General Motors Corp. et al.* (1957), 128 Ind. App. 310, 328-29, 143 N.E.2d 441, 449-50, (transfer denied).

Since IC 1971, 32-4-6-1, *supra,* recognizes the right of an

owner of an undivided fee interest coupled with a life estate in the balance of a tract of real estate to maintain an action for partition and grants a reciprocal right to the remainderman under such circumstances, such language would be meaningless and unnecessary if IC 1971, 32-4-5-1, *supra,* had already abrogated the possession requirement.

Thus, if the Legislature had intended to abrogate the common-law rule requiring the right to possession in its enactment of IC 1971, 32-4-5-1, *supra,* it would have been meaningless to enact 32-4-6-1, *supra.*

Moreover, *Smith* v. *Andrew* (1912), 50 Ind. App. 602, 98 N.E. 734, in interpreting IC 1971, 32-4-6-1, *supra,* states that the rule before passage of such Act[1] required both title and the right to possession and that the legislative purpose in enacting such a statute was to give the remainderman a right to partition under certain conditions. It must therefore be concluded that the Legislature did not intend to abrogate the longstanding requirement of a possessory interest as a condition to maintaining a partition action under IC 1971, 32-4-5-1, *supra.* If the Legislature had intended the total elimination of the requirement it would have been a simple matter to have so provided. We cannot attribute to it any such purpose. Thus, the trial court did not err in granting appellees' motion to dismiss.

Having found no reversible error, the judgment of the trial court must be affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 353 N.E.2d 549.

---

1. IC 1971, 32-4-5-1 (Burns Code Ed.), was in effect before passage of IC 1971, 32-4-6-1 (Burns Code Ed.).