Stephen BRONSON and Joan Bronson, Appellants-Plaintiffs,

v.

Eleanor BRONSON, Appellee-Defendant.

No. 3–882A222.

Court of Appeals of Indiana, Third District.

May 25, 1983.

Rehearing Denied July 14, 1983.

Edward P. Grimmer, Barber & Sorbello, Crown Point, for appellants-plaintiffs.

R. Cordell Funk, Funk & Foster, Hammond, for appellee-defendant.

STATON, Judge.

The marriage of Stephen and Eleanor Bronson was dissolved December 14, 1973. The dissolution decree granted Stephen and Eleanor the family home as tenants in common, however, Eleanor was granted exclusive possession of it until she remarried, did not occupy it as her principal residence, or until both parties agreed to sell. Stephen later deeded his undivided one-half interest to himself and his new wife, Joan, as tenants by the entirety. On November 20, 1981 Stephen and Joan petitioned for partition of the family home. Upon Eleanor's motion, the trial court dismissed their petition.

Although Stephen and Joan raise several issues on appeal, our discussion of the following issue is dispositive:

Could Stephen and Joan compel partition of real estate to which they neither had actual possession nor the right to immediate possession?

Affirmed.

In response to the request for partition filed by Stephen and Joan, Eleanor filed a motion to dismiss under Ind.Rules of Procedure, Trial Rule 12(B)(6). However, at the hearing on the motion to dismiss the parties stipulated to the authenticity of certain exhibits which were then submitted to the trial court. Since these exhibits, which constituted matters outside the pleadings, were "presented to and not excluded by the [trial] court, the motion shall be treated as one for summary judgment...." TR. 12(B)(8); *see Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630, 633–634 (transfer denied). Upon review of a summary judgment, when there is no genuine issue of material fact the sole question is whether the moving party is entitled to judgment as a matter of law. *Enderle v. Sharman* (1981), Ind.App., 422 N.E.2d 686, 693; TR. 56(C).

The dissolution decree, which was one of the exhibits presented to the trial court, establishes that Eleanor was entitled to judgment as a matter of law. It reveals that at the time of their divorce, Stephen and his first wife, Eleanor, entered into a property settlement agreement. The agreement was approved by the trial court and incorporated into the dissolution decree. The agreement contains the following provision:

"That upon the granting of a decree of divorce, the said real estate shall be owned by the parties as tenants in common. Wife shall have the exclusive possession of same until she remarries or does not occupy same as her principal residence, or until both parties agree to sell. Upon sale of the real estate, the parties shall equally divide the net pro-

ceeds. Parties shall equally pay the taxes, insurance, special assessments and major repairs."

 Either actual possession or the right to immediate possession is required to maintain an action for partition of real estate. *Hurwich v. Zoss* (1976), 170 Ind.App. 542, 353 N.E.2d 549.[1] Stephen and Joan do not contend that they are in actual possession of the family home. By the terms of the dissolution decree Eleanor was granted exclusive possession of the family home until the occurrence of certain contingencies. Stephen and Joan did not allege in response to Eleanor's motion that any of these contingencies had occurred. Thus, Stephen and Joan had neither actual possession nor the right to immediate possession of that which they sought to have partitioned.[2]

 Nevertheless, Stephen and Joan assert that Eleanor's possession as a tenant in common satisfies their possession requirement for purposes of partition. It is generally true that possession by one tenant in common is deemed the constructive possession of all tenants in common. *E.g., Bakemeier v. Bakemeier* (1919), 72 Ind.App. 165, 169, 122 N.E. 681, 683. This is because any tenant in common ordinarily would have the right to immediate possession. W. Burby, *Handbook of the Law of Real Property* § 96 (3d ed. 1965). Thus, as was stated in *Hurwich, supra,* in response to a similar assertion,

"In this context, the language thus used cannot be construed as abrogating the right to possession requirement, but must be construed as not requiring actual possession."

1. An exception is recognized in IC 32–4–6–1 (Burns Code Ed., 1980 repl.), which allows any tenant in common to compel partition where one tenant in common also owns a life estate in the subject land. Stephen and Joan concede this statute does not apply here, "Certainly, the divorce decree does not create, by its terms, a life estate in Eleanor." Appellants' brief at 15.

2. Stephen and Joan also seem to argue that the dissolution decree granting Eleanor exclusive possession of the family home should not be given effect. In essence, they now complain about what they consider an intolerable inconsistency in the dissolution decree. That is, Eleanor and Stephen were granted the family

*Hurwich, supra,* 170 Ind.App. at 546, 353 N.E.2d at 552.

 Therefore, the trial court did not err in granting summary judgment against Stephen and Joan since they had neither actual possession of the family home nor the right to its immediate possession.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.

home as tenants in common, but Stephen was not granted any right to immediate possession. We can not discern their reason why this would nullify the granting to Eleanor of exclusive possession since such was done by a settlement agreement which was incorporated into the dissolution decree. *Henderson v. Henderson* (1980), Ind.App., 401 N.E.2d 73, 74, n. 1; *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 398. Regardless, Stephen and Joan can not collaterally attack the dissolution decree in this partition action. *Cf. Anderson, supra,* at 398–400. Therefore, the dissolution decree is conclusive as to Eleanor's exclusive possession.