**ESTATE OF Leroy GOODWIN, Deceased, Appellant–Petitioner,**

v.

**Helen GOODWIN, Appellee–Respondent.**

No. 49A02–9904–CV–236.

Court of Appeals of Indiana.

Dec. 21, 1999.

Jennifer L. Graham, Indianapolis, Indiana, Attorney for Appellant.

Martin N. Howe, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The Estate of Leroy Goodwin, Deceased (the "Estate"), petitioned the probate court to partition real estate owned by the decedent and Helen Goodwin, Leroy's former wife, as tenants in common. The court entered summary judgment in favor of Helen denying partition. The Estate appeals and presents the following issue for our review: whether the probate court erred in concluding that the Estate cannot maintain an action to compel partition of the real estate as a matter of law.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Helen and Leroy were married in 1946, and in 1950 they acquired title to the marital residence located at 75 West Habig Road in Indianapolis. The couple divorced on December 10, 1980. In its dissolution decree, the court stated:

> The Court finds and determines and vests real property located at and commonly known as 75 Habig Road, Indianapolis, Marion County, Indiana, in the parties as tenants in common. The Court ORDERS that Leroy Goodwin shall pay all real property taxes and insurance premiums fully and completely insuring the aforesaid real estate, and the Court ORDERS that [Helen Goodwin] shall keep and maintain the said real property.

Years later, on February 10, 1988, Leroy filed a Motion for Adjudication of Remaining Issues, requesting that the dissolution court hear additional evidence and enter a final order disposing of the marital property. Specifically, Leroy claimed that the original dissolution decree did not provide

for a permanent and complete disposition of the real estate. In a memorandum filed with his motion, Leroy alleged that, by vesting the property in the parties as tenants in common, the dissolution court had, in effect, delegated joint responsibility to them to determine what permanent disposition should be made of the real estate, contrary to Indiana Code Section 31–1–11.5–11 [1] and our opinion in *Henderson v. Henderson*, 401 N.E.2d 73 (Ind.Ct.App. 1980) (it is reversible error to delegate to one of the parties the power to decide when, if ever, to divide the property). Thus, Leroy asserted that the dissolution court had failed in its statutory duty to make a complete and final division of the marital estate and that the decree was a judgment on less than all the issues and thus subject to revision under Trial Rule 54(B). He argued against partition of the real estate and claimed that the dissolution court had continuing and exclusive jurisdiction over the marital asset.

Leroy then filed a Petition for Entry of Decree of Dissolution Nunc Pro Tunc and also submitted a proposed nunc pro tunc decree executed by counsel for both parties. On April 28, 1989, the dissolution court [2] entered its Decree of Dissolution of Marriage Nunc Pro Tunc, which provided:

> The Court finds and determines and vests legal title to the real property located at and commonly known as 75 Habig Road, Indianapolis, Marion County, Indiana 46217 (the "Real Estate"), in [Leroy Goodwin] and [Helen Goodwin] as tenants in common. The Court ORDERS that [Leroy Goodwin] shall pay all real property taxes, assessments and insurance premiums fully and completely insuring the replacement cost of the Real Estate, and the Court ORDERS that [Helen Goodwin] shall keep and pay all expenses of maintaining the Real Estate. *The Court FURTHER ORDERS*

> *that [Helen Goodwin] shall have and retain sole and exclusive possession of the Real Estate for so long as she does not remarry, and during such time [Leroy Goodwin], his heirs, successors, assigns and personal representatives, shall have no right to possession of the Real Estate.*

(Emphasis added). Helen never remarried and continues to maintain actual and exclusive possession of the real estate at 75 Habig Road.

Leroy died in late 1994, and his estate was opened in 1995. Later that year, Helen filed a claim against the Estate for property taxes and insurance. In 1996, the Estate petitioned the probate court to partition the real estate. Helen subsequently moved for summary judgment based on the dissolution court's 1989 Decree of Dissolution of Marriage Nunc Pro Tunc. In response, the Estate also moved for summary judgment, arguing that the nunc pro tunc decree was void and that the Estate was entitled to compel partition of the property as a matter of law. The probate court granted Helen's motion, concluding that the nunc pro tunc decree was valid and that the Estate could not maintain an action to compel partition of the real estate. The Estate now appeals.

## DISCUSSION AND DECISION

### Standard of Review

Summary judgment is appropriate only when properly designated materials show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Kottlowski v. Bridgestone/Firestone, Inc.*, 670 N.E.2d 78, 82 (Ind.Ct.App.1996), *trans. denied.* When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to

---

1. Indiana Code Section 31–1–11.5–11 has been recodified as Indiana Code Section 31–15–7–4.

2. The judge who entered the Decree of Dissolution of Marriage Nunc Pro Tunc was not the judge who presided over the parties' dissolution of marriage in 1980.

a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Kottlowski*, 670 N.E.2d at 82. On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993). Where there are no disputed facts, the motion is treated as a question of law, and we review the matter de novo. *Aide v. Chrysler Fin. Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. *Van Eaton v. Fink*, 697 N.E.2d 490, 493 (Ind.Ct.App.1998).

### Decree of Dissolution of Marriage Nunc Pro Tunc

■■■ The Estate contends that the dissolution court exceeded its jurisdiction when it entered the 1989 nunc pro tunc decree which rendered the decree void. Thus, the Estate claims that the probate court erred when it granted Helen's motion for summary judgment based on that document.[3] Our analysis proceeds from the general rule that a judgment is presumed to be valid, *In re Chapman*, 466 N.E.2d 777, 780 (Ind.Ct.App.1984), *trans. denied*, and that a judgment that is regular on its face is not subject to collateral attack. *Gill v. Wilke*, 253 Ind. 576, 583, 255 N.E.2d 662, 666 (1970). Society's interest in the finality of judgments is well settled, and "every reasonable presumption is indulged in favor of the validity of the judgment sought to be impeached." *Cassady v. Miller*, 106 Ind. 69, 71, 5 N.E. 713, 715 (1886). This is particularly true in dissolution cases, where this court has recognized the strong policy preference for finality of marital property divisions. *Dusenberry v. Dusenberry*, 625 N.E.2d 458, 461 (Ind.Ct.App.1993).

In the present case, Leroy and Helen made a joint request for the nunc pro tunc dissolution decree. Thereafter, the dissolution court entered its 1989 Decree of Dissolution of Marriage Nunc Pro Tunc, which modified the original dissolution decree by giving Helen "sole and exclusive" possession of the 75 Habig Road property "for so long as she does not remarry." Both parties complied with the nunc pro tunc decree until Leroy's death in 1994, and neither party appealed or challenged the propriety of the decree in any manner after it was entered.

■■■ Notwithstanding compliance with the decree, the Estate asserts that the decree is void *ab initio* because the court was without jurisdiction to enter it. Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *Browning v. Walters*, 620 N.E.2d 28, 31 (Ind.Ct.App.1993). "The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *DuShane v. DuShane*, 486 N.E.2d 1106, 1107 (Ind.Ct.App.1985) (citing *Twyman v. State*, 459 N.E.2d 705 (Ind. 1984)). When a court is without jurisdiction of the subject matter, its actions are "void *ab initio*" and have no effect whatsoever. Such judgments are incapable of confirmation or ratification. *Trook v. Lafayette Bank and Trust Co.*, 581 N.E.2d 941, 944 (Ind.Ct.App.1991), *trans. denied.*

■■■ The Estate cannot prevail under the theory that the dissolution court was without subject matter jurisdiction in 1989. Rather, the Estate's argument must rest on the assertion that the court no longer had jurisdiction over the particular case in which its nunc pro tunc decree was rendered. The trial court clearly had jurisdiction to enter the original dissolution decree

---

**3.** Because Exhibit 4, submitted by Helen with her motion for summary judgment, is not relevant to our decision, we need not address the Estate's claim that the probate court erred in refusing to strike that exhibit as inadmissible hearsay.

in 1980. After final judgment, however, a court retains only such continuing jurisdiction as is permitted by the judgment itself or as is given the court by statute or rule. *Chapin v. Hulse,* 599 N.E.2d 217, 219 (Ind. Ct.App.1992), *trans. denied.* Indiana Code Section 33–1–6–3 provides that courts generally retain power and control over their judgments for a period of ninety days. The nunc pro tunc decree, which attempted to alter the disposition of marital property which had already been divided, was well outside the ninety-day period. *Cf. Wilson v. Wilson,* 169 Ind.App. 530, 349 N.E.2d 277 (1976) (court may entertain action outside ninety-day period where party sought only to determine meaning of judgment and whether he had fully complied with its mandates). Thus, the trial court no longer had jurisdiction over the case when it entered the 1989 nunc pro tunc decree.[4]

 Nevertheless, the Estate cannot prevail in its attempt to have the nunc pro tunc decree declared void. In contrast to judgments rendered in the absence of subject matter jurisdiction, a judgment rendered by a court without jurisdiction to hear that particular case is not void, but merely voidable because the jurisdictional defect is waived if not attacked in a timely manner. *Trook,* 581 N.E.2d at 944; *DuShane,* 486 N.E.2d at 1107. Leroy did not institute a timely appeal, nor did he bring an Indiana Trial Rule 59 or an Indiana Trial Rule 60 motion challenging the decree. Instead, after he obtained the relief he sought, he complied with the de-

cree for over five years until his death. As this court has stated:

> [O]nce a party seeks the affirmative protection or benefit of a court's jurisdiction he should not be allowed to challenge that court's jurisdiction at some later point in the dispute. [I]t does not lie in the mouth of one who has affirmed the jurisdiction of a court in a particular matter to accomplish a purpose, to afterwards deny such jurisdiction to escape a penalty.

*Jennings v. Jennings,* 531 N.E.2d 1204, 1206 (Ind.Ct.App.1988) (citations omitted).

 The nunc pro tunc decree giving Helen sole possession of the marital residence unless and until she remarries must stand. Either actual possession or the right to immediate possession is required to maintain an action for partition of real estate. *Bronson v. Bronson,* 448 N.E.2d 1231, 1233 (Ind.Ct.App.1983) (citing *Hurwich v. Zoss,* 170 Ind.App. 542, 353 N.E.2d 549 (1976)). The Estate had neither and, thus, could not compel partition of the property. The probate court properly granted Helen's motion for summary judgment.[5]

 As a final point, we observe that both the trial court's original decree and the nunc pro tunc modification ordered Leroy to "pay all real property taxes, assessments and insurance premiums fully and completely insuring" the real estate, despite the fact that it vested the property in the parties as tenants in common. Tenants in common generally have

4. Helen argues that the 1980 decree failed to make a full and final disposition of the marital residence and, thus, the trial court had continuing jurisdiction over that issue. We disagree. The 1980 decree states, "The Court finds and determines and vests real property located at and commonly known as 75 Habig Road, Indianapolis, Marion County, Indiana, in the parties as tenants in common." Thus, the 1980 decree fully disposed of the property.

5. Additionally, Helen maintains that Leroy invited any error in the dissolution court's entry of the nunc pro tunc decree and, therefore,

the Estate cannot now complain of such error. It is well settled that a party may not invite error and then rely on such error as a reason for reversal, because error invited by the complaining party is not reversible error. *Berry v. State,* 574 N.E.2d 960, 963 (Ind.Ct. App.1991), *trans. denied.* Here, Leroy himself petitioned the dissolution court to modify the original decree and then complied with the revised decree until his death in 1994. The Estate, as Leroy's successor in interest, walks in Leroy's shoes and cannot now complain of errors which he invited during his lifetime.

a responsibility to share such costs. The trial court's order that Leroy bear the entire burden in that regard is a form of spousal maintenance. *See Wilcox v. Wilcox*, 173 Ind.App. 661, 663–64, 365 N.E.2d 792, 794 (1977).[6] The responsibility to pay maintenance ends when the payor dies. *Hicks v. Fielman*, 421 N.E.2d 716, 722 (Ind.Ct.App.1981). Thus, Leroy's responsibility to pay Helen's share of the taxes, insurance and assessments on the property ended when he died, and his estate is not obligated to continue paying taxes, insurance and assessments on Helen's interest in the real estate.

Affirmed.

STATON, J., and MATTINGLY, J., concur.

---

**6.** The record does not disclose whether the dissolution court ordered the payment of taxes and insurance pursuant to an agreement between the parties. Absent such an agreement, the 1980 and 1989 decrees were not supported by the requisite finding under Indiana Code Section 31–1–11.5–9 (recodified as Indiana Code Sections 31–15–7–1 and 7–2). Despite this deficiency, Leroy did not challenge the court's decree and voluntarily paid all of the taxes and insurance on the property. Thus, the Estate may not recover such sums.