**SCOTTISH RITE OF INDIANAPOLIS FOUNDATION, INC. Appellant–Respondent,**

v.

**Barbara A. ADAMS, Appellee–Petitioner.**

No. 29A04–0501–CV–30.

Court of Appeals of Indiana.

Sept. 29, 2005.

Philip S. Kappes, Thomas R. Ruge, Todd A. Richardson, Steven W. Griesemer,

Lewis & Kappes, Indianapolis, IN, for Appellant.

Stephen W. Cook, Cook & Cook, Noblesville, IN, for Appellee.

## OPINION

BAKER, Judge.

Appellant-respondent Scottish Rite of Indianapolis Foundation, Inc. (Scottish Rite) appeals the trial court's interlocutory order granting appellee-petitioner Barbara Adams's petition for partition and sale of real estate. Specifically, the Scottish Rite argues that Adams, as a life tenant, has no right to compel the sale of real estate over the protest of the Scottish Rite, as the remainderman. Finding that the sale of the real estate here was not advantageous to both parties and that a life tenant does not otherwise have standing to force the partition and sale of real estate, we reverse the judgment of the trial court and remand with instructions to dismiss Adams's petition.

## FACTS

In 1992, Adams inherited a life estate in ninety-two acres of real estate in Noblesville known as Justamere Farm from her friend Verden Paulsel. The remainder was devised to the Scottish Rite in memory of Paulsel's father, Francis Madge, who was an active member of the Scottish Rite, a charitable organization that runs a children's learning program. The real estate is used for farming purposes and includes a two-story brick house built in the 1860s, a barn, and several sheds. Adams and her husband have lived in the house rent- and mortgage-free and farmed the land since September 17, 1993. Most of the area surrounding the real estate has been developed for commercial and high-end residential purposes.

In December 2002, the Scottish Rite and Adams received an offer to purchase the real estate for approximately 2.5 million dollars. Efforts to sell the real estate ground to a halt when the Scottish Rite and Adams could not agree on the division of sale proceeds between them.

On November 25, 2003, Adams filed her petition for partition and sale of the real estate, requesting the compelled sale of the real estate and equitable division of the proceeds. The Scottish Rite responded by asserting a number of defenses, including equitable estoppel, waiver, laches, lack of standing, and failure to state a claim upon which relief could be granted. On June 8, 2004, the trial court bifurcated the issues of sale of the real estate and allocation of the proceeds. On September 8, 2004, the trial court held a hearing on the sale issue. On December 23, 2004, the trial court issued its order granting Adams's request for sale of the real estate, finding that, "[t]he circumstances surrounding the parties warrant the sale of the 'Justamere Farm'. The Petitioner's interest in the property gives her standing to file a petition for the sale of real estate, and the dramatic increase in property values make a court-ordered sale advantageous to both parties." Appellant's App. p. 5. The Scottish Rite now appeals.

## DISCUSSION AND DECISION

■ The Scottish Rite contends that the trial court erred in granting Adams's petition to sell the real estate. Specifically, the Scottish Rite argues that because Adams is a life tenant without a fee interest in the real estate, she has no right to compel the sale.

The issue before us, regarding the rights of a life tenant, is a question of law, which we review under a de novo standard of review, and we owe no deference to a trial court's legal conclusions. *Bourbon Mini–Mart, Inc. v. Ind. Dep't of Envtl. Mgmt.*, 806 N.E.2d 14, 20 (Ind.Ct.App. 2004). At common law, plaintiffs seeking

partition were required to have both title and possession or the right to possession of the real estate in question, and the Indiana Code retained the "right to possession" requirement. *Hurwich v. Zoss,* 170 Ind.App. 542, 544–45, 353 N.E.2d 549, 550–51 (1976).

The general partition statute only allows joint tenants and tenants in common to compel a partition of real estate. Ind. Code § 32–17–4–1. Indiana Code section 32–17–4–23, which requires that the petitioner hold an undivided interest in fee simple as well as a life estate in the remaining part of the land or any part of the remaining portion of the land in question in order to compel partition, expands upon the general partition statute. But Indiana Code section 32–17–5–2 provides:

> On application of a party in interest described in section 1 of this chapter [including life tenants], the circuit court may, if all the parties are:
> (1) parties to the proceedings and before the court; or
> (2) properly served with notice as in other civil actions;
> decree a sale, exchange, or lease of the real estate, or sale or exchange of the personal property, if the court considers a sale, exchange, or lease to be advantageous to the parties concerned.

To the extent that Indiana Code section 32–17–5–2 allows a life tenant to request the partition and sale of real estate, it is in derogation of common law and must be strictly construed. *Bartrom v. Adjustment Bureau, Inc.,* 618 N.E.2d 1, 10 (Ind. 1993). Inasmuch as all of the interested parties were before the trial court, the question becomes whether the sale is advantageous to the parties concerned. Simply because there is a willing buyer for the property does not mean that the sale is necessarily advantageous. The Scottish Rite expects the value of the real estate to continue to rise, and it was the opinion of the Board of Directors of the Scottish Rite that the immediate sale of the real estate would be premature. Appellant's App. p. 39. Moreover, Paulsel left the real estate to the Scottish Rite in memory of her father, an active member of the Scottish Rite, and the Board of Directors was "very concerned" that the sale would dishonor the bequest and harm the integrity of the Scottish Rite. *Id.* Furthermore, the real estate had consistently produced income for Adams and her husband through its current use as a farm. Appellee's App. p. 61–62, 151, 166–74. In its order the trial court noted that, "the dramatic increase in property values makes a court-ordered sale advantageous to both parties." Appellant's App. p. 5. However, appreciation in value accrues solely to the benefit of the remainderman, not to the life tenant. *Hauck v. Second Nat'l Bank,* 153 Ind.App. 245, 270–72, 286 N.E.2d 852, 866–67 (1972). As such, only the Scottish Rite receives the benefit of the increase in value of the real estate. The statute requires that the sale be advantageous to the *parties* concerned, and the trial court's stated advantage does not reach both Adams and the Scottish Rite. Thus, the forced partition and sale of the real estate was improper under Indiana Code section 32–17–5–2.

■ Additionally, under Indiana Code sections 32–17–4–1 and –23, it is apparent that Adams did not have the power to compel a partition of the real estate because she had no fee ownership in it. *See Pointer v. Lucas,* 131 Ind.App. 10, 22, 169 N.E.2d 196, 202 (1960) (finding that the fact that the grantee of a life estate may devise her interest in real estate to someone does not imply ownership or an estate, nor does it enlarge a life estate into a fee). Nevertheless, Adams argued before the trial court and maintains here that these

provisions are in violation of Article I, section 23 of the Indiana Constitution.[1]

The Equal Privileges Clause of the Indiana Constitution states, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." The test for determining whether a statute follows the dictates of Article I, section 23 was articulated in *Collins v. Day*, 644 N.E.2d 72, 80 (Ind.1994):

> First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

Essentially, Adams contends that it is unreasonable to differentiate owners of life estates from those who have fee simple remainders in the same real estate. The remedy of forced partition arose at common law in order to avoid serious disagreements between cotenants and to prevent an unscrupulous tenant from annoying and taking advantage of his cotenants for the purpose of causing prejudice to their beneficial interests in the lands. *Coquillard v. Coquillard*, 62 Ind.App. 489, 500, 113 N.E. 481, 483 (1916). "Except in a case of a joint or common possession or a joint or common right to immediate possession, the reasons that gave birth to such remedy do not exist." *Id.* at 501, 113 N.E. at 484. While the holder of a life estate may convey her interest in the land, she cannot create a greater interest than that which she owns—the right to possession of the real estate during her life. *Collins v. Held*, 174 Ind.App. 584, 594, 369 N.E.2d 641, 647 (1977); *see also Gladden v. Jolly*, 655 N.E.2d 590, 592 (Ind.Ct.App.1995) (noting that a provision in a will stating, 'my daughter shall have absolute possession and use of said farm during her natural life time[,]' has been held to create a life estate). To allow a life tenant to force the partition and sale of the fee simple interest in a piece of real estate would be to allow her to convey a greater interest than she actually owns. Thus, it is reasonable to treat life tenants differently from fee simple owners based on inherent characteristics that distinguish them.

In sum, we find that the partition and sale of the real estate was not proper under Indiana Code section 32–17–5–2. We also find that Indiana Code sections 32–17–4–1 and –23 are constitutional and that they prevent Adams as the life tenant from forcing the partition and sale of the real estate.

The judgment of the trial court is reversed and remanded with instructions to dismiss Adams's petition.

RILEY, J., and MATHIAS, J., concur.

---

1. Adams also asserted in her brief that these statutes violate Article I, sections 1 and 12. However, Adams did not raise these provisions of our constitution before the trial court. Because Adams raised them for the first time on appeal, these arguments are waived. *See McBride v. Monroe County Office of Family and Children*, 798 N.E.2d 185, 194 (Ind.Ct. App.2003).