## KLEMM *v.* FREAD ET AL.

[No. 7,027.   Filed March 17, 1910.]

1. DESCENT AND DISTRIBUTION.—*Lands Conveyed by Gift.—Statutes.*—Under §2997 Burns 1908, §2473 R. S. 1881, lands conveyed to an intestate by gift, or in consideration of love and affection, descend to the donor, if living, where such intestate leaves no husband, or wife, or children or the descendants thereof.   p. 589.
2. DESCENT AND DISTRIBUTION.—*Husband to Wife.*—Under §3028 Burns 1908, §2490 R. S. 1881, a surviving widow takes her intestate husband's entire estate, where he left no child, father nor mother.   p. 590.
3. STATUTES.—*Construction.—Aids to.*—The primary purpose in construing a statute is to determine the intent of the law-making body, and as aids in determining such intent, the court may consider the history of legislation on such subject, the purpose to be accomplished, and the construction courts have given to similar language.   p. 590.
4. DESCENT AND DISTRIBUTION.—*Husband to Wife.—Lands Conveyed by Gift.*—Where an intestate leaves no children, or their descendants, father, or mother, lands conveyed to him by gift descend to his widow (§3028 Burns 1908, §2490 R. S. 1881), unless the donor survived the intestate, the donor's heirs not being included in the statutes (§2997 Burns 1908, §2473 R. S. 1881).   p. 591.

From Franklin Circuit Court; *George L. Gray,* Judge.

Suit by Rebecca Klemm against Sarah E. Fread and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*F. M. Alexander, Walton S. Bowers* and *Harry S. Wonnell,* for appellant.

*Ferdinand S. Swift, Reuben Conner, Lon Conner* and *A. L. Chrisman*, for appellees.

COMSTOCK, J.—Appellant filed her complaint in the court below for the partition of certain real estate. Said complaint sets forth, in substance, that appellant and certain appellees named therein, as heirs at law and next of kin of Hezekiah Hollowell, deceased, donor of the real estate in controversy to Marquis Hollowell, deceased, are the owners in fee simple as tenants in common of said real estate. The complaint further sets forth the respective interests of the parties, and alleges that Julia Hollowell claims to have some interest in said real estate as the widow of said Marquis Hollowell, and asks that she be required to set up any interest she may claim in said real estate, etc.

A demurrer for want of facts was overruled to the complaint, and Julia Hollowell filed her separate answer in two paragraphs, the first of which was afterwards withdrawn. In the second, she alleges that on December 4, 1883, Hezekiah Hollowell, named in the complaint, was the owner in fee simple and in the possession of the real estate described therein; that on said day said Hezekiah Hollowell and his wife, Julia A. Hollowell, executed to Marquis Hollowell, now deceased, a warranty deed for all of said real estate, and that said deed and acknowledgment read as follows:

"Know all men by these presents, that Hezekiah Hollowell and Julia A. Hollowell, * * * in consideration of natural love and affection, do hereby grant * * * to their son Marquis Hollowell, his heirs and assigns forever, the following real estate [describing it]. Said Hezekiah Hollowell and Julia A. Hollowell * * * reserve unto themselves the management, use, issues, rents and profits of said real estate, hereby conveyed during their natural lives, jointly and severally, and it is hereby expressly provided that the grantee and his heirs before taking possession of the real estate herein conveyed shall pay their proportionate share of the expenses incurred during the last sickness and burial of both of said grantors, and all the

estate, title and interest of said Hezekiah Hollowell and Julia A. Hollowell, his wife, either in law or equity, of, in and to said premises, * * * to have and to hold the same to the only proper use of said Marquis Hollowell, his heirs and assigns forever."

The answer further alleges that said deed was recorded on April 28, 1890, in the proper records of Franklin county, Indiana; that said Hezekiah Hollowell died on February —, 1888, and Julia Hollowell, on November —, 1892, and that Marquis Hollowell died intestate on August 1, 1906; that said Marquis Hollowell did not leave any child or children or their descendants, nor father or mother, surviving him; that appellee Julia Hollowell was the lawful wife of said Marquis Hollowell at the time of his death, and as his widow was his sole heir at law, and entitled to all the estate, real and personal, of which he was the owner at the time of his death; that said Marquis Hollowell well and truly performed all the conditions of said deed on his part; that, by virtue of the facts stated, she is the owner in fee simple and entitled to the possession of all the real estate described in plaintiff's complaint.

A demurrer to said second paragraph of answer was overruled, and appellant refusing to plead further the court found that plaintiff had no interest in the real estate described in her complaint; that defendant Julia Hollowell is the owner in fee simple, and that plaintiff should take nothing by her complaint; that defendant Julia Hollowell was the owner in fee simple, absolute, of all of said real estate, and that she recover from plaintiff her costs, etc.

The only error assigned is the action of the court in overruling said demurrer.

The law of the State of Indiana provides that an estate which shall have come to the intestate by gift or by conveyance in consideration of love and affection shall, if

1. the intestate die without children or their descendants, revert to the donor if living at the intestate's

death, saving to the widow or widower, however, his or her rights therein. §2997 Burns 1908, §2473 R. S. 1881. It is also provided by the laws of this State that "if a hus-

2. band or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." §3028 Burns 1908, §2490 R. S. 1881. It is the contention of counsel for appellant that §2997, *supra,* provides and establishes the rule of descent of property under circumstances where such an · estate came to the decedent by gift or by conveyance in consideration of love and affection, and is distinct and expressly excepted from the rules which prevail in ordinary cases, and from the general statutes of Indiana governing the line of descent and distribution of property, except those which give to the surviving widow or widower one-third; that said section does not affect the character or quantity of the estate, but was intended to affect only the course of descent, to designate a line of descent of property so acquired, and should govern in the case at bar; that that part of said section providing that under certain circumstances an estate shall "revert to the donor, if living at the intestate's death," should be construed to mean "to the donor if living, or to his heirs." So far as we are advised, the precise question here presented has not been passed upon by the Supreme Court or by this court. There are reported cases in which the court has been called upon to construe the section of the statute involved, but they have been cases in which the grantor only survived the grantee.

The primary purpose of the construction of a statute is to ascertain the intention of the lawmaking body which enacted it. In ascertaining such intent it is proper,

3. among other things, to consider the history of legislation upon that subject, the purpose to be accomplished and the construction courts have given similar words. "Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradic-

tion of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the meaning of the words, and even the structure of the sentence. This is done, sometimes, by giving an unusual meaning to particular words; sometimes by altering their collocation; or by rejecting them altogether; or by interpolating other words; under the influence, no doubt, of an irresistible conviction, that the legislature could not possibly have intended what its words signify, and that the modifications thus made are mere corrections of careless language, and really give the true intention." Endlich, Interp. of Stat., §295.

The general rule of descent is that if the husband or wife die intestate leaving no child or children or their descendants, nor parents living, the whole of his or her property goes to the survivor. §3028, *supra*. Section 2997, *supra*, creates an exception to this general rule, making the grantor of land, as to the land conveyed, an heir of the grantee under certain conditions. One of these conditions is that the consideration for the conveyance of the land must have been wholly love and affection. Another is that the grantee must have died intestate, leaving neither father, mother, child or descendants of a child, surviving. A third is that the grantor must have survived the grantee. *Wingate* v. *James* (1889), 121 Ind. 69; *Amos* v. *Amos* (1889), 117 Ind. 37. The language of §2997, *supra*, interpreted by its ordinary meaning, is not ambiguous nor indefinite, nor does it manifestly contradict the apparent purpose of the enactment. In the case of *Amos* v. *Amos, supra*, the court, after quoting the statute in question, said on page 38: "This statute makes provision for a peculiar class of cases and expressly excepts it from the rules which prevail in ordinary cases." In the case of *Wingate* v. *James, supra*, the court, after quoting the section of the statute in question, said: "A conveyance of land made by way of gift, or in

consideration of love and affection, creates in the grantee precisely the same estate as a like conveyance made upon a valuable consideration. The effect of the statute is not to reserve to the grantor an estate in reversion, or to annex a condition to the estate of the grantees. It simply declares who shall inherit the estate in case the grantee dies intestate, and without children or their descendants. It is true the language of the statute is, that the estate shall revert to the donor, if living, in case the grantee dies intestate without children. This, however, does not create an estate in reversion in the grantor, so as to vest in him a reversionary interest in the land during the lifetime of grantee, nor does it annex any condition to the estate of the latter. It simply declares that under certain contingencies the estate shall return to, or be cast upon, the grantor. The effect of the statute is to make the grantor, if living, the heir of the grantee in the absence of children or their descendants. The grantor succeeds to the estate by operation of law upon the death of the owner.'' The court committed no error in overruling appellant's demurrer to said second paragraph of answer. We have read the cases cited in the able brief of appellant, and find them not to warrant the interpolation in the statute of the additional words, ''or his heirs.''

Judgment affirmed.