## LAUER AUTO COMPANY *v.* MOODY ET AL.

[No. 12,704.   Filed December 23, 1926.]

1. STATUTES.—*Primary rule of statutory construction is to ascertain and give effect to intent of legislature.*—In construing statutes, the intention of the legislature is the object to be attained, and the primary rule of construction is to ascertain and give effect to that intent.   p. 526.

2. EXEMPTIONS.—*Phrase "income, claim or demand" as used in the "Garnishee Law" refers to pensions, money paid under Workmen's Compensation Act, etc.*—The provision in §6 of the "Garnishee Law" of 1925 (Acts 1925 p. 204, §894 Burns 1926) making it inapplicable to any "income, claim or demand" which was then specifically exempted from the claims of creditors is construed to refer to income and claims like police and firemen's pensions, money paid under the Workmen's Compensation Act, etc.   p. 526.

3. EXEMPTIONS.—*Wages due an employee not exempt from execution under the "Garnishee Law."*—Wages due an employee are not exempt under the general exemption law (§769 Burns 1926), even though all his property, including his wages, amounts to less than $600, since the "Garnishee Law" (§§889-897 Burns 1926) provides that an execution may issue against wages, salary or earnings notwithstanding any exemption law in force at the time the law was passed (*Pomeroy v. Beach,* 149 Ind. 511, distinguished).   p. 527.

4. STATUTES.—*Construction of statute adopted from another state.*—Where the wording of a statute is a literal or substantial copy of a statute of another state, the construction given to it by the courts of that state will be considered by the courts of the adopting state in arriving at the proper meaning of the statute.   p. 527.

From Allen Superior Court; *Charles J. Ryan,* Judge.

Application by the Lauer Auto Company for an order that an execution issue against the wages, salary or income due the defendant from a codefendant, his employer. From a judgment for the defendants denying

the order, the plaintiff appeals. *Reversed.* By the court in banc.

*Willard Shambaugh* and *W. H. Shambaugh,* for appellant.

*Emmett A. Rohyan,* for appellees.

THOMPSON, J.—There was an application for an order directing that an execution issue upon a judgment secured by appellant against the earnings, salary, wages or income of Collin Moody, hereinafter referred to as "appellee," based upon an affidavit as provided by ch. 61 of Acts 1925 p. 204, §889 *et seq.* Burns 1926, joining the Motor Sales Company, employer of appellee, as party defendant. Appellee earned no wages from the original employer and appellant later filed a second affidavit joining the Anthony Wayne Motor Company, with whom appellee was next employed, and praying for a similar order as provided in §5 of said act.

Appellee filed a special answer admitting the truth of facts contained in appellant's affidavit, but attaching to his answer a schedule showing all of his property, including $25 of wages due him from the Anthony Wayne Motor Company, to be less than $600, and claiming exemption under the general exemption law of Indiana.

Appellant filed a demurrer on the grounds that the facts contained in the answer were not sufficient to constitute a defense, the memorandum reciting that the general exemption law had been specifically repealed in so far as it conflicted with the provisions of Acts 1925 p. 204, *supra,* upon which this action was based.

The demurrer was overruled, appellant refused to plead further, and judgment was rendered against appellant for costs. Appellant excepted and appealed.

The error relied upon for reversal is the overruling of appellant's demurrer to appellee's answer.

The question to be determined calls for a construction to be placed on Acts 1925 p. 204, *supra*. Section 769 Burns 1926 provides that: "An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act," and §770 provides that: "The property may be real or personal, or botn, as the debtor may elect and designate at the time he claims the exemption."

Section 1, Acts 1925 p. 204, §889 Burns 1926, is as follows: "When a judgment has been recovered in any court of competent jurisdiction within the State of Indiana, and where any debts, earnings, salary, wages, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due or owing to him from any individual, firm, or corporation, municipal or otherwise, and where execution has been previously issued on said judgment and returned unsatisfied, the judgment creditor may file in the court in which said judgment was recovered, his affidavit stating such facts, naming therein the individual, firm or corporation owing or indebted to such judgment debtor. Upon satisfactory proof being made of the facts stated in such affidavit, the justice of the peace or court, or if such court be in vacation, the judge thereof, shall make an order directing that an execution issue against the debts, earnings, salary, wages, income from trust funds or profits described in such affidavit, stating therein the name of the individual, firm or corporation liable for the payment thereof to the judgment debtor notwithstanding any exemption law now in force. * * *"

Section 2, Acts 1925 p. 204, §890 Burns 1926, says: "Upon service of such execution on any individual, firm

or corporation from whom or which such debts, earnings, salary, wages, income from trust funds or profits are due and owing to the judgment debtor, said execution, to the amount due and unpaid thereon, shall become a lien and continuing levy upon the debts, earnings, salary, wages, income from trust funds or profits due or to become due to said judgment debtor to the amount of not exceeding ten per cent thereof, notwithstanding any exemption law now in force, and said levies shall be a continuing levy until said execution and costs are fully satisfied and paid by the application thereto of said percentage of such debts, earnings, salary, wages, income from trust funds or profits."

In construing statutes, the intention of the legislature is the object to be attained, the essence of the law —and the primary rule of construction is to as-
1. certain and give effect to that intent. See *Bailey v. State* (1904), 163 Ind. 165, 71 N. E. 655; *State Board, etc.*, v. *Holliday* (1898), 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826; *Smith* v. *Andrew* (1912), 50 Ind. App. 602, 98 N. E. 734; *Klemm* v. *Fread* (1910), 45 Ind. App. 587.

We are aware of the rule laid down in this state governing exemptions—that the exemption statutes must be liberally construed in favor of the debtor, yet the law will be carried into effect if the intention of the legislature is plain, notwithstanding the rule of strict construction. By strict construction it is not intended that the intent of the legislature should be defeated. See *Greenbush Cemetery Assn.* v. *Van Natta* (1911), 49 Ind. App. 192, 94 N. E. 899.

The title of the act of 1925 is "An act concerning execution and exemption." We think it is self-evident that it was the intent of the legislature to change
2. the hitherto existing law of the state on these two subjects. The phrase "income, claim or demand"

as used in the act of 1925 indicates a different meaning than the word "property" as used in the old exemption law, and the word "specifically" as used in §6, Acts 1925 p. 204, *supra,* indicates something different from a general exemption in favor of all persons. We are constrained to hold that by "income or claims" herein referred to as being specifically exempt is meant income such as police pensions, firemen's pensions, municipal utility employees' pensions, claims paid under the Workmen's Compensation Act, and United States pensions exempted by federal statutes.

Appellee cites the case of *Pomeroy* v. *Beach* (1898), 149 Ind. 511, 49 N. E. 370, and says it should be controlling in this case. We do not think so. In that case, the court was construing a statute relating to garnishment.

3.

The Act 1925 p. 204, *supra,* announces its intention with an express repeal of all laws conflicting therewith, and twice by the terms of said act, specifies that the creditor's remedy is to be invoked "notwithstanding any exemption law now in force," and this act provides a remedy supplemental to execution.

In *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 84 N. E. 985, the court said: "It is useless * * * to philosophize where there is a plain provision for the repeal of all existing laws on a subject. * * * We cannot subtract from the broad language of the statute that with certain specified exceptions existing laws are repealed." Section 9, Acts 1925 p. 204, *supra,* shows it was the purpose of the legislature to repeal all laws in conflict with the provisions of that act.

Where the wording of a statute of a state is a literal or substantial copy of a statute of another state, the construction given to such statute by the courts of such other state will be considered by the courts of the adopting state to aid in arriving

4.

at the proper meaning of the statute. *City of Laporte v. Gamewell, etc., Telegraph Co.* (1896), 146 Ind. 466, 45 N. E. 588, 35 L. R. A. 686, 58 Am. St. 359; *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1; *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1. The Act 1925 here in question is almost a literal copy of §1391 of the New York Code of Civil Procedure, which has been in force in that state since 1908, and has been construed and upheld by the courts of that state, and such construction may be considered as authority in this state. See *Smith* v. *Endicott-Johnson Corp.* (1921), 192 N. Y. Supp. 121, 199 App. Div. 194.

The court erred in overruling the demurrer to the second paragraph of answer.

Reversed.