**INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Defendant-Appellant,**

v.

**ESTATE of Winifred WALLACE, Deceased, Plaintiff-Appellee.**

No. 1–1179A330.

Court of Appeals of Indiana, First District.

July 28, 1980.

**152**

Theo. L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Harold A. Harrell, Bunger, Harrell & Robertson, Bloomington, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division, appeals from the denial by the Greene Circuit Court of its petition for reappraisement and redetermination of inheritance tax regarding a trust established by the will of the late Winifred Wallace.

## STATEMENT OF THE FACTS

Winifred Wallace died testate on January 5, 1977. Her will provided that the residuum of her estate be sold or reduced to cash and be placed into four trust funds of which her executor was named trustee. Each of the first three trust funds was to have a corpus of a specified amount. The fourth, Trust Fund D, was to consist of the remaining residuum, which amounted to $377,-853.48. The other terms of Trust Fund D are as follows:

"(5) Trustee shall hold, manage and control said Trust Fund D and shall pay and apply the *income* therefrom as follows, to-wit: First, to the payment of taxes, costs and expenses incident to said trust, including a reasonable fee for the services of said Trustee; second, to the payment for the placement of a suitable wreath at each group of two (2) graves on Lots Numbered 206, 313, and 74 in the Prairie Chapel Cemetery in Washington Township, Greene County, Indiana, at Christmas time of each year; third, to pay for the placement of a suitable bouquet on each of the graves in said Lots 206, 313 and 74 in said cemetery at Decoration Day of each year; fourth, the payment of a nominal sum, the amount to be determined by and in the discretion of my said Trustee, to the person who is in active charge of the prudential affairs of the cemetery, and fifth, the balance of said income to be paid quarterly to the Treasurer of Prairie Chapel Cemetery Association, Inc. of Greene County, Indiana, for the maintenance, repair, care and beautification of that part of said Prairie Chapel Cemetery as comprises the original plat and the First, Second and Third Additions thereto of said cemetery, provided such Treasurer shall, not less often then annually, render to my said Trustee a full and complete accounting in respect of the funds paid to him. In the event said Treasurer shall refuse to render such accounting upon written request therefor by Trustee, or in the event said Treasurer, in the judgment and discretion of

Trustee, shall use said funds for other than the purposes herein expressed, then the funds which would have been payable to such Treasurer shall be paid and applied by Trustee as he shall deem best, in his judgment and discretion, for the maintenance, repair, care and beautification of that part of said Prairie Chapel Cemetery as comprises the original plat and the First, Second and Third Additions thereto of said cemetery." (Original emphasis.)

On December 22, 1977, the Greene Circuit Court entered an order determining the value of the estate and the amount of inheritance tax due. The bequest to Trust Fund D was exempted from the inheritance tax. The Indiana Department of State Revenue filed a petition for rehearing, reappraisement, and redetermination of inheritance and transfer tax. On June 1, 1979, the court held that Trust Fund D is a charitable trust and that the bequest to that trust is deductible [1] for inheritance tax purposes. The Department's motion to correct errors was overruled on August 30, 1979, and it now brings this appeal.

## ISSUE

Whether or not the bequest under the will of Winifred Wallace to Trust Fund D was improperly allowed as an exemption for inheritance tax purposes.

## DECISION

The Department contends, in essence, that the bequest to Trust Fund D is not exempt from the inheritance tax under Ind. Code 6–4.1–3–1 because it would not be deductible under the federal standards, which are incorporated by reference into the Indiana exemption provision. The Department cites judicial and administrative interpretations of the federal deduction provision in support of its contention.

---

1. The trial court obviously meant to say that the bequest is "exempt." Ind.Code 6–4.1–3–1.

2. Indiana Code 6–8–3–8 authorizes the Indiana Revenue Board to "adopt rules and regulations: (a) Interpreting and applying the laws within their jurisdiction."

Indiana Code 6–4.1–3–1 reads as follows: "Each transfer described in section 2055(a) of the Internal Revenue Code is exempt from the inheritance tax." Prior to 1976, the Indiana exemption provision, IC 1971, 6–4–1–3 (Burns Code Ed.) contained four basic criteria for determining whether or not a transfer was eligible for an exemption from the inheritance tax. In 1970, while this provision was in effect, the Indiana Revenue Board issued a regulation interpreting the exemption section with regard to bequests for the use of cemeteries.[2] This regulation, 45 Ind.Admin.Code 4–3–2 (1979), Ind.Admin.Rules & Regs. (6–4–1–3)–3 (Burns Code Ed.), provides:

"Sec. 2. Bequests to or for the use of a municipally owned cemetery, a church-owned cemetery and a not-for-profit cemetery corporation or association, are exempt from the inheritance tax; provided, that no such transfer shall be exempted if its officers, members, shareholders or employees shall receive any pecuniary profits from the operation thereof, other than reasonable compensation for services rendered; and provided further, that such bequests are for the general use of the cemetery and not limited for the use and maintenance of certain, specifically defined, lots."

Subsequently, IC 6–4–1–3 was repealed by Acts 1976, P.L. 18, § 2. In place of IC 6–4–1–3, § 1 of P.L. 18 established Ind.Code 6–4.1–3–1 and a number of other sections which are not relevant to this discussion. The four basic criteria for exemptions under IC 6–4–1–3 were reenacted in IC 6–4.1–3–1 without material change.

Moreover, § 3 of P.L. 18 [3] provided:

"SECTION 3. (a) This act is intended to be a codification and restatement of applicable or corresponding provisions of laws repealed by this act. The substan-

---

3. IC 1971, 6–4.1–1–15a (Burns Code Ed., Repl. 1978). This section is not in the official Indiana Code.

tive operation and effect of any law repealed by this act shall continue without interruption if that law is reenacted, in the same or restated form, by this act.

"(b) A rule or regulation promulgation under a law repealed by this act and in effect before the effective date of this act shall remain in full force and effect until it is amended, repealed, or rescinded.

"(c) This act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before the effective date of this act. These rights, liabilities, and proceedings are continued; and punishments, penalties, or forfeitures shall be imposed and enforced under the repealed laws as if this act had not been enacted.

"(d) All crimes committed, before the effective date of this act, under laws repealed by this act shall be prosecuted and remain punishable under the repealed laws as if this act had not been enacted."

■ Later in the same legislative session, Acts 1976, P.L. 19, § 1 was adopted, amending IC 6–4.1–3–1 to its present form in which the standards of I.R.C. § 2055(a) are incorporated by reference.[4] Section 4(a) of P.L. 19 made the amendment applicable to transfers by individuals dying after June 30, 1976. Public Law 19 contains no reference to administrative rules or regulations.

The executor contends that 45 IAC 4–3–2 is still in effect and that the bequest to Trust Fund D qualifies for the exemption under that regulation.

Thus, we have a case of statutory ambiguity. Public Law 18, § 3(b) purports to save any regulations promulgated under a law repealed by § 2, which would include 45 IAC 4–3–2. Section 3(a) states that § 1 of the act is "intended to be a codification and restatement" of the laws repealed by § 2. During the same legislative session, however, P.L. 19 was adopted, amending the exemption criteria by substituting the criteria of I.R.C. § 2055(a). The question is, therefore, whether or not the saving clause of P.L. 18, § 3(b) continued to preserve 45 IAC 4–3–2 after the exemption criteria of IC 6–4.1–3–1 were altered.

■ Where a tax exemption provision is ambiguous, "it will *be strictly construed against the party claiming the exemption.*" (Original emphasis.) *Indiana Department of State Revenue, Sales Tax Division v. Cable Brazil, Inc.,* (1978) Ind.App., 380 N.E.2d 555, 559, *trans. den. Accord, Indiana Department of State Revenue v. Indianapolis Transit System, Inc.,* (1976) Ind. App., 356 N.E.2d 1204. Moreover,

"[t]o interpret a statute the court must search for the legislative intent. *State ex rel. Bynum v. LaPorte Superior Court,* (1973) 259 Ind. 647, 291 N.E.2d 355. Further, to ascertain the intent of the legislature, we must look at the whole of the act, to the law existing before, to the changes made, and the apparent motive for making them. *State ex rel. Rogers v. Davis,* (1952) 230 Ind. 479, 104 N.E.2d 382."

*Livingston v. Consolidated City of Indianapolis,* (1979) Ind.App., 398 N.E.2d 1302, 1304. *Accord, Merimee v. Brumfield,* (1979) Ind.App., 397 N.E.2d 315, *trans. den.*

The executor has focused upon the language of the saving clause pertaining to rules and regulations in Acts 1976, P.L. 18, § 3(b). However, that saving clause must not be considered in a vacuum; rather, it is necessary to take into account the express legislative purpose of the act which is stated in § 3(a). It is apparent from that subsection that the legislature intended to

---

4. In this opinion we will be referring to I.R.C. § 2055(a) as it is found at 26 U.S.C. § 2055(a) (1970). The technique of incorporating part or all of one statute into another by specific reference has been approved in Indiana. *State v. Doane,* (1974) 262 Ind. 75, 311 N.E.2d 803; *Mogilner v. Metropolitan Plan Comm'n.,* (1957) 236 Ind. 298, 140 N.E.2d 220. Indiana Code 6–4.1–3–1, as amended by Acts 1976, P.L. 19, § 1, does not refer to any specific date on which § 2055(a) was in effect. The better interpretation of IC 6–4.1–3–1 *is that it incorporates* § 2055(a) as it read on the date the amendment was adopted, February 25, 1976. Hence, subsequent amendments to § 2055(a) by Congress do not affect IC 6–4.1–3–1. Allington, *Taxation, Survey of Recent Developments in Indiana Law,* 10 Ind.L.Rev. 340 (1976).

codify and restate existing inheritance tax law rather than to substantially revise it. Consequently, the legislature went on to indicate in § 3(b) that it did not intend to invalidate rules and regulations promulgated under the old inheritance tax law. Furthermore, when § 3(b) referred to "[a] rule or regulation *repealed* by this act," (our emphasis) it must have meant "*repealed and reenacted.*" It would be absurd to construe this saving clause as preserving a regulation where the statutory law it was intended to interpret had been repealed without being replaced by a similar provision.

The amendment to IC 6–4.1–3–1 adopted in Acts 1976, P.L. 19, § 1, however, did substantially revise the inheritance tax exemption criteria. Prior to this amendment, IC 6–4.1–3–1 read as follows:

"Sec. 1. Subject to the limitations contained in sections 2, 3, and 4 of this chapter, the following transfers are exempt from the inheritance tax:

(1) a transfer to or for the use of a municipal corporation of this state;

(2) a transfer to a public institution to be used exclusively for a public purpose;

(3) a transfer to a trust for the sole benefit of a charitable, educational, or religious organization; and

(4) a transfer to a transferee which is organized for charitable, educational or religious purposes."

After the amendment, IC 6–4.1–3–1 provided: "Each transfer described in section 2055(a) of the Internal Revenue Code is exempt from the inheritance tax." Section 2055(a) provided, at the time the amendment was adopted:

"§ 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.

"(a) IN GENERAL.

For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made before the date prescribed for the filing of the estate tax return)—

(1) to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes;

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office;

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no substantial part of the activities of such trustee or trustees, or of such fraternal society, order, or association, is carrying on propaganda, or otherwise attempting, to influence legislation, and such trustee or trustees, or such fraternal society, order, or association, does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office; or

(4) to or for the use of any veterans' organization incorporated by Act of Congress, or of its departments or local chapters or posts, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

For purposes of this subsection, the complete termination before the date prescribed for the filing of the estate tax return of a power to consume, invade, or appropriate property for the benefit of an individual before such power has been exercised by reason of the death of such individual or for any other reason shall be considered and deemed to be an irrevocable disclaimer with the same full force and effect as though he had filed such irrevocable disclaimer."

Thus, the amendment in Acts 1976, P.L. 19, § 1 was not merely a restatement of existing inheritance law as was Acts 1976, P.L. 18, § 1. Paragraph (a)(3) of § 2055 and subsection (3) of former IC 6–4.1–3–1 both deal with trusts, but § 2055(a)(3) requires that the property transferred be designated "exclusively for . . . charitable . . purposes," whereas former IC 6–4.1–3–1(3) required that the transfer be "for the sole benefit of a charitable . . . organization." Paragraph (a)(2) of § 2055 combines some of the elements of former IC 6–4.1–3–1(3) and (4). However, § 2055(a)(2) requires that the transferee or beneficiary corporation be "organized and operated exclusively for . . . charitable . . . purposes," while former IC 6–4.1–3–1(3) required that the sole beneficiary of the transfer in trust be a "charitable . . . organization," without mentioning exclusivity of purpose in the beneficiary's organization and operation. Former IC 6–4.1–3–1(4) was somewhat closer to § 2055(a)(4) in that it did require that the transferee be "organized for charitable . . . purposes." However, § 2055(a)(2) and (3) contained considerable qualifying language not parallelled in former IC 6–4.1–3–1(3) and (4). Indiana Code 6–4.1–3–2 through 6–4.1–3–4, repealed by Acts 1976, P.L. 19, § 3, also contained qualifying language without analogue in § 2055(a). Moreover,

§ 2055(a)(1) is much broader than former IC 6–4.1–3–1(1), and § 2055(a)(4) and former IC 6–4.1–3–1(2) have little, if anything, in common.

■ Our belief that Acts 1976, P.L. 19, § 1 worked a significant change in the exemption criteria of IC 6–4.1–3–1 is thus confirmed. In light of this substantial overhaul of the exemption criteria, we cannot impute to the General Assembly an intention to preserve a regulation such as 45 IAC 4–3–2 which was promulgated under a statutory provision which it later so thoroughly modified. Accordingly, we hold that, although 45 IAC 4–3–2 has not been expressly "amended, repealed, or rescinded," Acts 1976, P.L. 18, § 3(b), it has been indirectly invalidated by the amendment of the corresponding statutory provision. The executor may not rely upon 45 IAC 4–3–2 in claiming an exemption from the inheritance tax.

The Department argues that the bequest does not qualify for an exemption under I.R.C. § 2055(a)(2) or (3) for the reason that judicial and administrative interpretations of § 2055(a) have established that the term "charitable purpose" involves the idea of performing eleemosynary functions, which have not been shown to be performed by the Prairie Chapel Cemetery Association. The executor asserts that IC 6–4.1–3–1 does not require that property transfers be deductible for federal tax purposes before they are exempt for Indiana inheritance tax purposes and that, therefore, this court is not bound by interpretations placed upon I.R.C. § 2055(a) by the federal courts or the Internal Revenue Service. The executor also maintains that the cases cited by the State are distinguishable and involve § 2055(a)(2). He emphasizes that the bequest falls within the scope of § 2055(a)(3) and that paragraph (a)(2) is inapplicable to the case at bar.

■ Indiana Code 6–4.1–3–1 says: "Each transfer *described* in Section 2055(a) of the Internal Revenue Code is exempt from the inheritance tax." (Our emphasis.) If the General Assembly had intended to merely

adopt the language of § 2055(a), it could have easily reproduced the relevant language of that provision in IC 6–4.1–3–1. Furthermore, it is established that "[w]here the wording of a statute of a state is a literal or substantial copy of a statute of another state, the construction given to such statute by the courts of such other state will be considered by the courts of the adopting state to aid in arriving at the proper meaning of the statute." *Lauer Auto Co. v. Moody,* (1926) 85 Ind.App. 523, 527–28, 154 N.E. 501, 502. *Accord, Pittsburgh, C., C. & St.L.R.R. v. Parker,* (1906) 191 Ind. 686, 132 N.E. 372, *reh. den.* 134 N.E. 890. However, only cases decided prior to the adoption may be considered for this purpose. *Eads v. J. & J. Sales Corp.,* (1971) 257 Ind. 485, 275 N.E.2d 802. These rules are equally applicable where the incorporated language is taken from a federal statute which has been interpreted by federal courts.

 As we noted earlier, the executor maintains on appeal that the bequest to Trust Fund D qualifies for the exemption under I.R.C. § 2055(a)(3). That paragraph provides for an exemption, however, "only if such contributions or gifts are to be used by such trustee or trustees . . . exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals . . . ." We observe that part of the income from Trust Fund D is to be used to purchase a wreath for each pair of graves on Lots 206, 313, and 74 annually at Christmas time and a bouquet for each grave in those Lots on Decoration Day each year. It is clear that the bequest to Trust Fund D was not intended to be used by the trustee *exclusively* for any of the purposes permissible under § 2055(a)(3). Under general trust law principles a gift in trust for the maintenance of specific graves or burial plots is not considered charitable. Restatement (Second) of Trusts § 374, Comment h (1959); 14 C.J.S. *Charities* § 14 (1939).

 Moreover, federal cases have emphasized that where a testamentary transfer has both charitable and noncharitable purposes, the deduction may be taken for the value of the charitable portion only to the extent that it is ascertainable and severable from the noncharitable portion. *E. g., In re Estate of McCoy,* (6th Cir. 1975) 511 F.2d 1090; *Estate of Cotter v. United States,* (E.D.Mich.1977) 448 F.Supp. 25; *McDowell National Bank v. United States,* (W.D.Pa. 1976) 419 F.Supp. 1164. There is no provision in Trust Fund D for the termination of either the entire trust or the purchases of wreaths and bouquets for the three specific lots. Hence, this clearly noncharitable aspect of the trust dealing with particular graves or plots was intended to continue in perpetuity along with the provisions for maintenance of the cemetery generally. As a result, we have no way of ascertaining how much of the income of the trust will be spent for the wreaths and bouquets. Thus, assuming *arguendo* that the trust would otherwise be entitled to the inheritance tax exemption, the inseverability of the noncharitable provisions for Lots 206, 313, and 74 from the rest of the trust renders the entire bequest to Trust Fund D ineligible for the exemption.

 The executor further claims that Ind.Code 23–14–1–15 provides that trusts for the maintenance of cemeteries are deemed charitable. However, a closer reading of IC 23–14–1–15 reveals that it applies to a perpetual care fund established by the cemetery owner, *see* Ind.Code 23–14–1–12, and to gifts of property to a cemetery where the cemetery owner is the trustee, *see* Ind.Code 23–14–1–20. In our case the executor, and not the cemetery owner, was named trustee.

Lastly, the executor has submitted as additional authority Senate Enrolled Act No. 136, passed by the General Assembly on March 3, 1980. Section 1 of that act added new Indiana Code 6–4.1–3–1.5 (Supp.1980). That section, effective July 1, 1980, provides as follows: "Sec. 1.5. (a) As used in this section, 'cemetery' and 'cemetery purposes' have the same meaning as the definitions of those terms contained in IC 23–14–1–1. (b) The transfer of property to a cemetery association is exempt from the inheritance

tax if the property is used for cemetery purposes."

Indiana Code 23–14–1–1(a) provides: " 'Cemetery' means any land or structure in this state dedicated to and used, or intended to be used, for the interment of human remains." Further, IC 23–14–1–1(k) reads as follows: " 'Cemetery purposes' shall mean any and all things requisite or necessary for or incident or convenient to the establishment, maintenance, management, operation, improvement, and conduct of a cemetery, the preparation for interment and the interment of the human dead, and the care, preservation, and embellishment of cemetery property."

 The adoption of IC 6–4.1–3–1.5 came too late to apply to the bequest to Trust Fund D. Moreover, if the executor is implying that IC 6–4.1–3–1.5 is simply a clarification of the inheritance tax law applicable to his case, we would have to disagree. We have explained a great length how 45 IAC 4–3–2 was rendered invalid by the amendment of IC 6–4.1–3–1 in Acts 1976, P.L. 19, § 1 and why the bequest here does not qualify for the exemption under IC 6–4.1–3–1 as amended. When a statute is amended by the addition of a provision, "[a] presumption is raised that the Legislature intended to change the law unless it clearly appears an amendment was made only to express more clearly the original intention of the Legislature." *Indiana Department of State Revenue, Sales Tax Division v. Cable Brazil, Inc.*, 380 N.E.2d at 559–60. We have no reason to believe that the General Assembly was merely clarifying the meaning of IC 6–4.1–3–1 when it enacted IC 6–4.1–3–1.5.

We hold that the Greene Circuit Court erred in determining that the bequest to Trust Fund D is exempt from the inheritance tax. Accordingly, we reverse the judgment and remand the cause for redetermination of the inheritance tax applicable to the estate of Winifred Wallace.

Reversed and remanded.

ROBERTSON, P. J., and NEAL, J., concur.